# FOR PUBLICATION

FILED & ENTERED

MAY 08 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bertelsen DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>MAHMOOD JAFROODI,<br><br><br>Debtor. | Chapter 7<br><br>Case No.:  9:19-bk-11918-MB<br><br>Adv No:  9:22-ap-01063-MB |
| JERRY NAMBA, CHAPTER 7 TRUSTEE,<br><br>                    Plaintiff,<br><br>    v.<br><br><br>MAHMOOD JAFROODI,  MICHAEL KAYLOR, IN HIS CAPACITY AS TRUSTEE OF THE JAFROODI PRIVATE RETIREMENT TRUST PLAN DATED APRIL 6TH, 2018<br><br>                    Defendants. | **AMENDED MEMORANDUM OF DECISION  [AMENDING AND SUPERCEDING MEMORANDUM ENTERED ON APRIL 20, 2023 AT ADVERSARY DOCKET NO. 50]** |

# I.

## INTRODUCTION

Plaintiff-chapter 7 trustee Jerry Namba (the "Trustee") obtained entry of default by the Clerk of the Court against each of the two defendants in this adversary proceeding (the "Defendants") and now seeks entry of a default judgment against them.  Defendants Mahmood Jafroodi ("Jafroodi") and Michael Kaylor, in his capacity as Trustee of the Jafroodi Private Retirement Trust Plan Dated April 6th, 2018 ("Kaylor") oppose entry of a default judgment and request the Court vacate the defaults entered against them.  The Defendants contend they were not properly served with the summons and complaint and the Court therefore did not obtain personal jurisdiction over them.

The determination of this dispute requires the Court to consider, as to each Defendant, whether the Trustee (i) served the defendant with the summons and complaint in accordance with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7004(b), and (ii) whether such service satisfied constitutional principles of due process.  The applicable rules and case law teach that both are necessary to establish personal jurisdiction.  Here, application of these principles leads to the conclusion that neither Defendant was adequately served—but in each instance for different reasons, on different facts.

The Trustee contends service on Jafroodi, the debtor in this case, was proper under Bankruptcy Rule 7004(b)(9) because the Trustee "mail[ed] a copy of the summons and complaint to the debtor at the address shown in the petition. . . ."  The address shown in the petition is that of the single-family residence in which Jafroodi and his wife had lived for decades and where they were living at the time of the bankruptcy filing.  The Trustee argues that because he complied with the letter of the rule, the adequacy of the service is unassailable.

But the argument ignores the fact that the Trustee was aware Jafroodi was no longer living there at the time.  It is undisputed that prior to the time of mailing: (i) Jafroodi and his wife had vacated and turned over the property to the Trustee and (ii) Jafroodi had provided his new residential mailing address to the Trustee's counsel in open court.

Under these circumstances, mailing the summons and complaint to Jafroodi's "old" address (i.e., where he was no longer living) was, as a constitutional matter, inadequate to provide due process.

The Trustee meantime contends service on Kaylor was proper under Bankruptcy Rule 7004(b)(1).  This rule permits service by mail on an individual "at the place where the individual regularly conducts a business or profession."  Fed. R. Bankr. P. 7004(b)(1).  The record is uncontroverted, however, that the address at which the Trustee mailed the summons and complaint is not the location where Kaylor "regularly conducts a business or profession."  It is instead the address of a private mailbox service.

The Trustee insists service on Kaylor was nevertheless adequate because the private mailbox address is the same address that Kaylor, who is a licensed attorney, maintains on record with the California State Bar.  *See* Cal. Bus. & Prof. Code § 6002.1.  The Trustee contends (i) use of that address was reasonably calculated to put the summons and complaint in Kaylor's hands, and (ii) the Trustee was entitled to rely on the mailing address on file with the California State Bar, to the exclusion of any independent effort to determine where Kaylor actually maintains his law office.

The Court agrees that service on Kaylor was constitutionally adequate, but concludes that it did not comply with the applicable service rule, Bankruptcy Rule 7004(b)(1).  Under the circumstances presented, mailing the summons and complaint to Kaylor's private mailbox address was "reasonably calculated" to provide him notice.  But it was not mailed to the location where Kaylor "regularly conducts a business or profession" and therefore did not comply with the text of Bankruptcy Rule 7004(b)(1).  The Court is without discretion to rewrite the rule.

Further, although California Business & Professions Code section 6002.1 deems use of the address on file with the California State Bar adequate for purposes of serving a disciplinary complaint by mail, the Trustee has identified no legal authority holding that service in accordance with section 6002.1 necessarily satisfies the requirements of Bankruptcy Rule 7004(b)(1).    There is some case authority permitting service by mail at an address that a

party has certified is its home or business address.  But section 6002.1 cannot be construed as such a certification.  Because the statute permits an attorney to specify an address other than his actual business address, it cannot be relied on to satisfy Bankruptcy Rule 7004(b)(1).

Because the Court concludes that service of process on the Defendants was inadequate, any judgment entered by the Court would be void for lack of personal jurisdiction.  Accordingly, the Court will set aside each of the entered defaults against the Defendants and deny entry of a default judgment.

## II.

## FACTUAL BACKGROUND

On November 19, 2019 (the "Petition Date"), Jafroodi filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing the above-referenced bankruptcy case. Case Dkt. 1.  On December 16, the Trustee was appointed as trustee of Jafroodi's estate.  Case Dkt. 8.

At the time Jafroodi filed his chapter 7 case, he was represented by attorney William Winfield.  Case Dkt. 1.  On November 9, 2020, the law firm Brutzkus Gubner (now called BG Law) substituted in as counsel to Jafroodi.  Case Dkt. 186.  On December 12, 2022, the Court entered its order approving the withdrawal of BG Law.  Case Dkt. 448.  Thereafter, Jafroodi represented himself in the chapter 7 case, until his current counsel, Hill, Harrer & Burrill, LLP, entered an appearance on February 21, 2023.  Case Dkt. 543.

At the outset of the case, Jafroodi and his wife lived in a single-family residence located at 1186 Corte Tularosa, Camarillo, CA 93010 (the "Tularosa Property" and "Tularosa Address"). On November 14, 2022, the Trustee filed a motion (the "Turnover Motion") seeking to compel the debtor and all occupants to vacate the Tularosa Property so that the Trustee could market and sell the property.  Case Dkt. 391.  Jafroodi responded by filing a declaration indicating that he intended to move out of the home by November 30.  Case Dkt. 409.

By December 1, 2022, Jafroodi and his wife had moved out.  Adv. Dkt. 34 at 15,  ¶ 1. On December 5, Jafroodi met with Trustee's real estate broker and handed over the keys to the

property.  *Id.* at ¶ 2.  On December 8, Jafroodi attended the hearing on the Turnover Motion (and other matters), confirming that he had moved out of the Tularosa Property.  The Trustee's counsel, who also was present, acknowledged as much.  Case Dkt. 472 at 55:5-7 ("We know he's no longer in possession of the home, which has been turned over to the trustee.").  At the request of the Trustee's counsel, the Court asked Jafroodi to provide his new residential address (the "New Address") for purposes of serving pleadings in the future.  *Id.* at 55:7-23.  Jafroodi did so on the record.  *Id.* at 55:24-25.  He has since confirmed that he and his wife have been living at the New Address since December 1, 2022.  Adv. Dkt. 34 at 15, ¶ 3.

On December 13, 2022, the Trustee filed a complaint (the "Complaint") against Jafroodi and Kaylor, seeking the avoidance, recovery and other relief regarding the alleged transfer of property to the trust for which Kaylor is trustee.  Adv. Dkt. 1.  The filing of the complaint commenced this adversary proceeding.

On December 14, 2022, the Court issued a Summons and Notice of Status Conference (collectively, the "Summons").  Adv. Dkt. 2.  On December 15, the Trustee mailed both Defendants a copy of the Summons and Complaint by first class U.S. mail.  Adv. Dkt. 4.  The Trustee addressed these documents to Jafroodi as follows:

> DEBTOR / DEFENDANT
> MAHMOOD JAFROODI
> 1186 CORTE TULAROSA
> CAMARILLO, CA 93010-7449

Adv. Dkt. 4 at 4.  In other words, the Trustee mailed Jafroodi the Summons and Complaint at an address the Trustee knew Jafroodi had already vacated.

In his declaration, Jafroodi testified that he did not return to the Tularosa Address to retrieve his mail after December 5, 2022, and that any mail that may have been delivered to that address thereafter was not received to him.  Adv. Dkt. 34 at 15, ¶ 4-5.  Jafroodi did not recall receiving the summons and complaint served by the Trustee.  *Id*. at ¶ 6.  Further, he testified that if he had timely received those documents, he would have reached out to counsel for the Trustee to seek an extension of time to respond because he was not then represented by counsel.  *Id*. at ¶ 7.

None of this testimony was controverted.

Likewise, Jafroodi's wife offered uncontroverted testimony that she did not submit a forwarding order to the United States Postal Service, on behalf of herself or her husband, until sometime between December 19 and December 23, and did not start receiving forwarded mail until late December 2022, or early January 2023. Adv. Dkt. 34 at 17, ¶ 4.  It is therefore plausible that the Summons and Complaint mailed to Jafroodi at the Tularosa Address was never actually delivered to Jafroodi (or his wife).

The Trustee addressed the Summons and Complaint mailed to Kaylor on December 15, 2022, as follows:

> MICHAEL L. KAYLOR, TRUSTEE
> JAFROODI PRIVATE RETIREMENT TRUST PLAN
> DATED APRIL 6TH, 2018
> 14 MONARCH BAY PLAZA, SUITE 492
> MONARCH BEACH, CA 92629-3467

Adv. Dkt. 4 at 4.

Kaylor testified that the foregoing address (the "Private Mailbox Address"): (i) is the location of a retail private mailbox service contracted by Kaylor, (ii) is the mailing address Kaylor maintains on file with the California State Bar, and (iii) is *not* the location where Kaylor lives or maintains his law office.  *See* Adv. Dkt. 38 at 1-2, ¶¶ 2-4. [1]  Kaylor also testified: "I am certain that I did not receive the summons and complaint that the office of the Trustee's counsel claims it mailed to me on December 15." *Id.* at 2, ¶ 5.

The Trustee has presented no persuasive evidence to the contrary.  First, the Trustee argues that Kaylor must have received the Summons and Complaint mailed on December 15, 2022, because they were not returned as undeliverable.  Adv. Dkt. 4-5.  But there

---

[1] As recently as April 18, 2023, the address listed for Kaylor on the publicly accessible website of the California State Bar is the Private Mailbox Address. *See https://apps.calbar.ca.gov/ attorney/Licensee/Detail/165107* (last accessed April 18, 2023 at 12:03 p.m. PDT).  Kaylor has not explained why the address he maintains with the State Bar is not the location of his law office.

is no testimony from a competent witness establishing that the mail was not returned.  *See generally* Adv. Dkt. 45 at 11-12 (Declaration of Laila Masud); *Id.* at 13-14 (Declaration of Sarah R. Hasselberger).  And even if the Trustee had presented such evidence, it would fall far short of demonstrating that Kaylor *actually* received the Summons and Complaint mailed by the Trustee on December 15, 2022.

Second, the Trustee argues that that Kaylor must have received the Summons and Complaint because the Trustee's counsel communicated with Kaylor in February of 2023 about various matters relating to the adversary proceeding and Kaylor did not state that he had not received those documents.  *See* Adv. Dkt. 45 at 12, ¶ 12; *see also* Adv. Dkt. 45 at 14, ¶ 8 (noting Kaylor signed a joint status report).  This evidence, however, only shows Kaylor became aware of the adversary proceeding by early February of 2023.  It does not establish that Kaylor necessarily received the Summons and Complaint mailed to him by the Trustee on December 15, 2022.

On January 17, 2023, in the absence of any filed response to the Complaint, the Trustee filed requests for entry of default against each of the Defendants pursuant to Local Bankruptcy Rule 7055-1.  Adv. Dkt. 10, 11.  The following day, the Clerk of the Court entered defaults against each of the Defendants.  Adv. Dkt. 13, 14.

On January 26, 2023, the Trustee filed and served a notice of clerk's entry of default (the "Default Notice").  Adv. Dkt. 17.  As exhibits to the Default Notice, the Trustee attached copies of (i) the Complaint, (ii) the Summons, (iii) the requests for entry of default, (iv) the declaration in support thereof, and (v) the notices of default issued by the Clerk of the Court.  The proof of service to the Default Notice shows that it was served on the Defendants at the same addresses at which they were originally served with the Summons and Complaint, but also on Jafroodi at the New Address.  *Id.* at 4.

On February 2, 2023, Jafroodi filed a Notice of Change of Address in his chapter 7 case indicating the New Address.

Also on February 2, 2023, the Trustee filed his motion for a default judgment.  The Defendants thereafter made their requests to set aside the defaults.  The Court held a hearing on

1  these matters on March 27.[2]

2                                         **III.**

3                             **LEGAL ANALYSIS**

4          Federal Rule of Civil Procedure ("Civil Rule") 55 applies in adversary proceedings.  Fed.

5  R. Bankr. P. 7055.  Civil Rule 55(a) provides that "[w]hen a party against whom a judgment for

6  affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

7  affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Under

8  most circumstances, following the entry of a default, the party seeking judgment must thereafter

9  apply to the court for the entry of a default judgment.  Fed. R. Civ. P. 55(b)(2).

10         A defaulting party, however, may move the court to set aside the default entered by the

11  clerk for "good cause."  Fed. R. Civ. P. 55(c).  Typically, "[t]o determine 'good cause', a court

12  must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in

13  culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3)

14  whether reopening the default judgment would prejudice' the other party." *United States v.*

15  *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting

16  *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir.2004)).

17         Ultimately, "judgment by default is a drastic step appropriate only in extreme

18  circumstances; a case should, whenever possible, be decided on the merits."  *Id.* at 1089 (quoting

19  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  This is of particular concern when a party is

20  self-represented.  As the Ninth Circuit Court of Appeals has explained, "Our rules for

21  determining when a default should be set aside are solicitous towards movants, especially those

22  whose actions leading to the default were taken without the benefit of legal representation."  *Id.*

23  _____

24  [2] Notably, only Jafroodi filed a properly noticed written motion to set aside the default entered
against him.  Adv. Dkt. 28.  In contrast, Kaylor requested that the default entered against him be
25  set aside in a declaration he filed opposing the Trustee's motion for a default judgment.  *See* Adv.
Dkt. Adv. 38 at 3, ¶ 7.  The Court discussed this procedural irregularity with the parties at the
26  hearing held March 27, 2023.  Rather than continue the hearing to enable Kaylor to file a formal
motion to set aside the default, counsel for the Trustee waived any procedural objection to the
manner in which Kaylor's request was made and advised the Court that it could proceed to
27  determine the merits of Kaylor's request.

Moreover, a federal court's discretion to set aside default is "especially broad where…it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

However, the typical, multi-factor analysis for determining whether to set aside a default is premised on the assumption that the summons and complaint have been properly served on the defendants. "A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process." *Mason v. Genisco Technnology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Any default judgment entered in an action where service has not been properly effectuated will be void. *Id.* Accordingly, lack of proper service by itself constitutes good cause to set aside entry of default. *See Mitchell v. Los Angeles Cmty. Coll. Dist.,* 861 F.2d 198, 202 (9th Cir. 1988).

Service of process in an adversary proceeding is governed by Bankruptcy Rule 7004. Bankruptcy Rule 7004(a)(1) makes applicable Civil Rule 4(c)(1), which requires that a summons be served with the complaint. Bankruptcy Rule 7004(b)(1) authorizes service of the summons and complaint by first class mail:

> Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

Fed. R. Bankr. P. 7004(b)(1). Bankruptcy Rule 7004(b)(9) also authorizes service by first class mail:

> Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in writing.

Fed. R. Bankr. P. 7004(b)(9). Notably, Bankruptcy Rule 4002(a)(5) requires the debtor to "file a statement of any change of the debtor's address." Fed. R. Bankr. P. 4002(a)(5); *see also* L.B.R. 1002-1(a)(2).

1    Bankruptcy Rule 7004(f) further explains when service is adequate to establish personal

2    jurisdiction over a defendant:

3        If the exercise of jurisdiction is consistent with the Constitution and laws of the
         United States, serving a summons or filing a waiver of service in accordance with
4        this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is
         effective to establish personal jurisdiction over the person of any defendant with
5        respect to a case under the Code or a civil proceeding arising under the Code, or
         arising in or related to a case under the Code.

6

7    Fed. R. Bankr. P. 7004(f).

8    Thus, a court acquires personal jurisdiction over a defendant when three requirements are

9    met: (1) service of process is made in accordance with Bankruptcy Rule 7004 or the applicable

10   portions of Civil Rule 4; (2) the action is a case under the Bankruptcy Code or a civil proceeding

11   arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code;

12   and (3) the exercise of jurisdiction is consistent with the Constitution and the laws of the United

13   States.  *In re Marciano*, 459 B.R. 27, 36–37 (B.A.P. 9th Cir. 2011), *aff'd*, 708 F.3d 1123 (9th Cir.

14   2013); *In re Tipton*, 257 B.R. 865, 870 (Bankr. E.D. Tenn. 2000); *see also Keys v. 701 Mariposa

15   Project, LLC (In re 701 Mariposa Project, LLC)*, 514 B.R. 10, 16 (B.A.P. 9th Cir. 2014)

16   (analyzing compliance with service rules and constitutional principles of due process as

17   independent issues).

18   There is no dispute that this adversary proceeding arises under the Bankruptcy Code, or

19   in or related to a bankruptcy case, i.e., that the court has subject matter jurisdiction.  *See* 28

20   U.S.C. § 1334(b).  All of the causes of action alleged in the Complaint arise *under* one or more

21   provisions of chapter 5 of the Bankruptcy Code.  *See* Adv. Dkt. 1.  The disputes at bar question

22   whether the Trustee's efforts to serve the Defendants by mail were made in accordance with the

23   applicable rules and in a manner consistent with the Constitution.

24   The constitutional issue presented here is whether the Trustee's mailings satisfied the

25   requirements of due process.  In *Mullane v. Central Hanover Bank & Trust Co.*, the Supreme

26   Court explained that an "elementary and fundamental requirement of due process in any

27   proceeding which is to be accorded finality is notice reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314 (1950). This means that notice must "be of such nature as reasonably to convey the required information," and the party to be bound must be afforded "a reasonable time ... to make their appearance." *Id.* "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

More recently, in *Jones v. Flowers*, the Supreme Court explained that even when service by mail ordinarily would be sufficient to provide due process, it is not sufficient when the party seeking to provide notice is aware of facts that would render the effort ineffective. 547 US. 220 (2006). In *Jones,* the state of Arkansas attempted to provide notice by certified mail, to a property owner, of his tax delinquency and the state's intention to sell the property absent a timely cure. Both letters were returned to the state unopened and marked "unclaimed." The state made no other effort to put the notices in the hands of the property owner *Id.* at 223-226. Under those circumstances, the Supreme Court found that the mailing of the notice was inadequate to provide the property owner with due process. *Id.* The court held that if there is reason to think that notice may not have been effective, then "additional reasonable steps may be needed if practicable to do so." *Id.* at 234.

### A. Service By Mail on Jafroodi

It is undisputed that the Trustee (through his counsel) served the Summons and Complaint on Jafroodi in accordance with Bankruptcy Rule 7004(b)(9) "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in writing." On December 15, 2023, the Tularosa Address *was* the address specified in Jafroodi's petition and, even though he no longer lived there, he had not yet filed a notice of address change with the Court.

But as the foregoing discussion underscores, compliance with requirements of Bankruptcy Rule 7004(b) is only one prerequisite to establishing personal jurisdiction. The

Trustee's effort to serve Jafroodi also must satisfy due process, which requires that the effort be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. 306, 314 (1950). Here, it was not.

At the time of the mailing, the Trustee was well aware that Jafroodi no longer lived at the Tularosa Address. By his Turnover Motion, the Trustee had *caused* Jafroodi to vacate the premises. Indeed, the Trustee's real estate agent took possession of the keys to the premises on December 5, and Jafroodi advised the Trustee's counsel in open court of Jafroodi's new address on December 8. Under these circumstances, mailing the Summons and Complaint to the Tularosa Address on December 15 was *not* "reasonably calculated" to put those pleadings in his hands—let alone in time to promptly respond. *See In re Weems,* 359 B.R. 919, 921–22 (Bankr. N.D. Ind. 2007) (suggesting that due process is not satisfied and personal jurisdiction is not established when a party mails the debtor papers at the address specified in the petition, or otherwise filed in writing, but the party *knows* the mailing is "is no longer reasonably calculated to provide" notice because the debtor's address has changed).

The decision in *Jones v. Flowers* is particularly instructive. Like the taxing agency there, the Trustee in this case was aware of circumstances that were likely to render his mailing of the Summons and Complaint ineffective: i.e., the Trustee sent the pleadings to an address where he *knew* the Debtor no longer lived. Further, although it was not clear in *Jones* what "additional reasonable steps" were available there, the Trustee clearly had an "additional reasonable step[]" available here. The Trustee could and should have mailed the Summons and Complaint to the New Address, which Jafroodi had provided to counsel for the Trustee, just seven days earlier.

The Trustee argues he is entitled to a presumption that the Summons and Complaint mailed on December 15, 2023 were actually received by Jafroodi and that due process was therefore satisfied. The Trustee contends he is entitled to this presumption because he filed a certificate of service showing that the pleadings were mailed, postage prepaid, to the address specified in Jafroodi's petition. But the argument is entirely unpersuasive.

To be sure, a certificate of service may create the presumption that papers were actually mailed as described in the certificate.  But any presumption that the papers were actually received by the addressee requires that the mail have been "properly addressed, stamped and deposited in the mails. . . ."  *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991).   Under the circumstances, the Court cannot conclude that the mail sent to Jafroodi at the Tularosa Address was "properly addressed" or that the Trustee is therefore entitled to a presumption that the mail was received by Jafroodi.  To do so would be to turn the constitutional requirement of due process on its head.[3]

Similarly, the Court is not persuaded by the Trustee's argument that he was entitled to rely on the address listed in Jafroodi's voluntary petition because Jafroodi had a duty to keep it up to date.  *See* Fed. R. Bankr. P. 4002(a)(5).  While Jafroodi certainly had that duty, counsel for the Trustee knew Jafroodi had a new address, asked him for it in open court, promptly received it, but failed to use it.  Moreover, Jafroodi was not represented by counsel at the time.  Under these circumstances, it is not appropriate to impose any adverse consequence on Jafroodi because the *Trustee* failed to use the New Address.

The cases cited by the Trustee do not compel a different result.  For instance, in *In re Hammer*, 940 F.2d 524 (9th Cir. 1991), the Ninth Circuit affirmed the bankruptcy court's denial of a Civil Rule 60(b) motion to set aside a default judgment against the debtor. The plaintiff had served the summons and complaint on the debtor by mail at the address specified in the debtor's petition.  The court found: (i) the mailing complied with Bankruptcy Rule 7004(b)(9), and (ii) because the debtor had a duty to maintain a current address with the Court, it was his

---

[3] To the extent the Trustee argues Jafroodi actually received the Summons and Complaint served by mail on December 15, 2022, it was the Trustee's burden to prove such receipt. The Trustee failed to do so.  As discussed *supra,* in Section II, Jafroodi testified that he did not recall receiving the Summons and Complaint and his testimony is plausible under the totality of the circumstances.  At best, the Trustee's evidence suggests that Jafroodi *may* have received the Summons and Complaint, which is inadequate to meet the Trustee's burden.

culpable conduct that led to the default judgment. *Id.* at 525-26.[4]  The decision in *In re Hammer*, however, did not (i) involve the circumstances presented here, i.e., plaintiff had actual knowledge that the address he was using would be ineffective, or (ii) analyze the due process implications of the plaintiff having such knowledge.

The decision in *In re Vincze*, 230 F.3d 297, 299 (7th Cir. 2000) is likewise unhelpful.  In that case, the Seventh Circuit held the plaintiff properly served the debtor-defendants in accordance with Bankruptcy Rule 7004(b)(9) by mailing the summons and complaint to the address listed on the debtors' petition.  The debtors did not dispute that the pleadings were sent to the correct address, but argued they did not timely receive the pleadings because the debtors were out of the country when the pleadings were served.  *Id.* at 299.  The court held that Bankruptcy Rule 7004(b)(9) does not require proof of actual receipt, only that the papers be mailed to the defendants at the address listed on the petition.  *Id.* at 299-300.  But there was no suggestion in *In re Vincze*—let alone indisputable proof—that the debtors had vacated the address specified in their petition or that the plaintiff had actual knowledge of that fact at the time he attempted service by mail.[5]

Finally, relying on *S.E.C. v. Internet Business Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007), the Trustee argues Jafroodi delayed bringing a motion to set aside the default entered against him, and as a consequence, Jafroodi bears the burden of demonstrating he did not actually receive the summons and complaint.  But the case does not support the Trustee's

---

[4] The debtor's argument regarding notice in *In re Hammer* is not expressly described in the Ninth Circuit's opinion.  From the context, however, it appears the debtor there argued that he no longer lived at or used the address on file with the bankruptcy court.  The court appears to have rejected this argument, pointing to his obligation to maintain an updated address with the bankruptcy court.  *Id.*

[5] This is equally true of *Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443, 1450 & n.8 (11th Cir. 1994), which is relied on by *In re Vincze* and cited by the Trustee.  In *dicta*, the court in *In re Coggin* commented that service is effective on a debtor if it is mailed to the address specified by Bankruptcy Rule 7004(b)(9).  In describing how the rule functions, the court stated: "Therefore, service is effective on a debtor even if mailed to the wrong address, if the address to which it is mailed is the last listed by the debtor in a filed writing." *Id.*  But that case did not involve a situation in which the plaintiff knew the address was outdated, had a current address, but sent the pleadings to the outdated address anyway.

1    argument.  In *S.E.C. v. Internet Business Solutions for Business Inc.*, the defendant, who resided

2    in England, sought under Civil Rule 60(b) to set aside a default judgment based on improper

3    service more than three and a half years after the judgment was entered, even though the

4    defendant had actual knowledge that the complaint had been filed and that he had been named as

5    a party.  The district court denied the motion.  On appeal to the Ninth Circuit, the defendant

6    argued the plaintiff had the burden to demonstrate proper service. The Ninth Circuit disagreed.

7    The court held "a defendant moving to vacate a default judgment based on improper service of

8    process, where the defendant had actual notice of the original proceeding but delayed in bringing

9    the motion after entry of default judgment, bears the burden of providing that service did not

10   occur."  509 F.3d at 1162, 1165-66.  The court thereafter affirmed the district court's ruling that

11   the defendant had provided insufficient evidence that he was not properly served with the

12   summons and complaint.  *Id.* at 1166-68.

13          The holding of *S.E.C. v. Internet Business Solutions for Business Inc.* is inapplicable here

14   for multiple reasons.  First, that case involved an effort to set aside a default *judgment.*  The issue

15   here is whether to set aside the *entry of a default* by the Clerk of the Court.  These are

16   qualitatively different matters and the court's discretion is broader to vacate the entry of a default.

17   *See O'Connor v. Nevada*, 27 F.3d at 364.  Second, Jafroodi did not delay in seeking to set aside

18   the default entered against him.  The first time Jafroodi was served at the New Address with any

19   papers in this Adversary Proceeding, i.e., the Default Notice, was on January 26, 2023.  At that

20   time he was unrepresented.  His current attorney substituted in on February 21, 2023, Adv. Dkt.

21   24, and filed a motion to set aside the default on March 6, 2023.  Adv. Dkt. 28.  The Court finds

22   that Jafroodi acted diligently.  Moreover, there is no evidence establishing that Jafroodi had

23   actual knowledge of the adversary proceeding, or the default entered against him, until the

24   Trustee served the Default Notice on him at the New Address.[6]  Third, there were no facts

25

26   _____

     [6] Service of the Default Notice by mail on January 26, 2023 did not remedy the Trustee's due
     process problem because it was mailed after the deadline to respond to the Complaint had
27   expired and the default had been entered.  Due process requires that any notice "afford [the
     responding party" an opportunity to present their objections" and "a reasonable time ... to make
     their appearance."  *Mullane*, 339 U.S. at 314.  Further, by January 26, the summons issued on

presented in *S.E.C. v. Internet Business Solutions for Business Inc.*, as there are here, showing that the plaintiff's efforts at service were constitutionally inadequate because they were not "reasonably calculated" to provide meaningful notice.

In sum, the Trustee's mailing of the Summons and Complaint to Jafroodi on December 15, 2022, was ineffective to establish personal jurisdiction.  The mailing complied with the requirements of Bankruptcy Rule 7004(b)(9), but was inadequate under the unique circumstances presented to satisfy the constitutional requirements of due process.  The exercise of personal jurisdiction under these circumstances would be inconsistent with the Constitution.  Fed. R. Bank. P. 7004(f).

**B.  Service By Mail on Kaylor**

The Trustee's attempt to serve Kaylor by mail presents the opposite problem.  Although that effort was "reasonably calculated" to deliver the Summons and Complaint to Kaylor, and therefore consistent with the requirements of due process, it did not comply with the specific service requirements of Bankruptcy Rule 7004.  Because *both* are required, the Court concludes that it does not have personal jurisdiction over Kaylor.  *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091; *see also In re Cyber Litigation Inc.*, 2021 WL 5047512 (Bankr. D. Del. 2021) (concluding that although email service of a bar date notice may have satisfied due process requirements under the circumstances, it was ineffective because it did not comply with the applicable service rule, Fed. R. Bankr. P. 2002(a)).

The Trustee's counsel identified the Private Mailbox Address by searching for Kaylor on the website for the California State Bar.  That website provides address listings for each of its members.  *See* Adv. Dkt. 45 at 3, 11.  It does not appear that the Trustee's counsel undertook any effort to determine the *actual location* of Kaylor's law office.

The Trustee contends, and Kaylor does not dispute, that the address listed on the website for Kaylor is the address of record that Kaylor is required to maintain with the California State

---

December 24, 2022 had expired and therefore was ineffective to confer personal jurisdiction. *See* Fed. R. Bankr. P. 7004(e).

Bar pursuant California Business and Professions Code § 6002.1.  This statute provides in

relevant part that a "licensee of the State Bar shall maintain all of the following on the official

licensing records of the State Bar: (1) The licensee's current office address and telephone number

or, if no office is maintained, the address to be used for State Bar purposes or purposes of the

agency changed with attorney discipline."  CAL. BUS. & PROF. CODE § 6002.1(a).  It also requires

that a licensee notify the State Bar of any change of address "within 30 days of any change."  *Id.*

      The statute further provides that the address maintained with the California State Bar may

be used to provide notice of disciplinary matters to the licensee:

> The notice initiating a proceeding conducted under this chapter may be
> served upon the licensee or former licensee of the State Bar to whom it is directed
> by certified mail, return receipt requested, addressed to the licensee or former
> licensee at the latest address shown on the official licensing records of the State
> Bar. The service is complete at the time of the mailing but any prescribed period
> of notice and any right or duty to do any act or make any response within any
> prescribed period or on a date certain after the notice is served by mail shall be
> extended five days if the place of address is within the State of California, 10 days
> if the place of address is outside the State of California but within the United
> States, and 20 days if the place of address is outside the United States. A licensee
> of the State Bar or former licensee may waive the requirements of this subdivision
> and may, with the written consent of another licensee of the State Bar, designate
> that other licensee to receive service of any notice or papers in any proceeding
> conducted under this chapter.

CAL. BUS. & PROF. CODE § 6002.1(c).

      The Trustee argues that Kaylor likely received the Summons and Complaint because the

Trustee mailed them to an address Kaylor uses for State Bar purposes, i.e., the Private Mailbox

Address.  In other words, the Trustee contends that the mailing was "reasonably calculated" to

provide notice to Kaylor.  The Court agrees.  But this solves only half the equation.  In addition

to constitutional requirements, the Trustee's mailing must satisfy the service requirements of

Bankruptcy Rule 7004.  In this regard, the Trustee relies on subsection (b)(1), which authorizes

service by mail on an individual when the mailing is addressed to the "individual's dwelling

house or usual place of abode" or "to the place where the individual regularly conducts a

business or profession."  Fed. R. Bankr. P. 7004(b)(1).

The Trustee insists that service by mail at the Private Mailbox Address satisfies Bankruptcy Rule 7004(b)(1) because Kaylor uses it for certain business purposes. The Court disagrees. The record is undisputed that Kaylor neither lives nor regularly conducts his law practice at the retail location where he maintains his private mailbox. Adv. Dkt. 38 at 2, ¶ 3.

First, the Trustee contends that his proof of service, showing the pleadings were mailed to the Private Mailbox Address, constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence. The Trustee further contends that Kaylor has failed to meet this steep burden. But the presumption the Trustee relies on arises only when the documents have been "properly addressed." *See In re Bucknum*, 951 F.2d at 207. The Court cannot conclude that the Summons and Complaint were properly addressed to Kaylor when they were not addressed to "the place where [he] regularly conducts a business or profession," as required by the applicable rule. Fed. R. Bankr. P. 7004(b)(1).[7]

Second, the Trustee contends that he was entitled to rely on the address on file with the California State Bar pursuant to California Business and Professions Code § 6002.1 because the statute requires Kaylor to provide "his current office address" and keep it up to date within 30 days of any change. The Trustee, however, fails to identify any case authority that so holds. Looking carefully at the text California statute, the Court concludes that the Trustee should not have relied on the address on file for Kaylor with the State Bar, for purposes of Bankruptcy Rule 7004(b)(1), to the exclusion of other efforts to verify the location where Kaylor "regularly conducts" his law practice.

---

[7] The decision in *S.E.C. v. Internet Business Solutions for Business Inc.*, 509 F.3d 1161 (9th Cir. 2007), which is cited on this point by the Trustee, does not hold to the contrary. That case did not involve Bankruptcy Rule 7004 or service by mail under any other rule. In that case, moreover, the plaintiff had "made a prima facie showing that service of process was valid by providing Keith Johns' affidavit in which he swears that he personally served Shaw with the summons and complaint at the ISFB offices in Coventry on May 14, 2001." *Id.* at 1166. In other words, there was evidence that service had been effectuated *in accordance with the applicable rule.* That is not the case here.

From the text of section 6002.1, it is clear that the address a lawyer maintains on file with the California State Bar *may* be the location of the lawyer's "current office," but it need not be. The California statute permits a member of the bar, "if no office is maintained," to list some other "address to be used for State Bar purposes or purposes of the agency changed with attorney discipline." CAL. BUS. & PROF. CODE § 6002.1(a).  Thus, a plaintiff seeking to effectuate service under Bankruptcy Rule 7004(b)(1) cannot be certain, without additional investigation, whether the address on file with the State Bar is actually the attorney's "current office" or an alternative mailing address authorized by the statute.  A plaintiff relying exclusively on this address bears the risk that it may not be "the place where [the defendant] regularly conducts a business or profession," as required by the applicable rule.  Fed. R. Bankr. P. 7004(b)(1).[8]

There is some authority for the general proposition that an address certified under state law may be relied on for service purposes in a federal proceeding, but those decisions are readily distinguishable.  In *In re Marciano*, 708 F.3d 1123 (9th Cir. 2013), the Ninth Circuit held that an involuntary petition was properly served on the alleged debtor pursuant to Bankruptcy Rule 7004(a)(1) because it was served at the address he

> had listed . . . with the California Secretary of State as the place where he could be served with process as the agent for four of his businesses. Marciano's designation of the Beverly Hills address for service of process was a certification that he either lived at or regularly conducted business there, see Cal. Corp. Code § 1502(b). . . .

*Id.* at 1125.  But California Corporations Code § 1502(b) is significantly different than section California Business and Professions Code § 6002.1.  Section 1502(b) provides that if a natural person is designated as an agent for service of process, the statement filed with the Secretary of State "shall set forth that person's complete business or residence street address." CAL. CORP.

---

[8] It appears that Kaylor has not complied with his obligations under section 6002.1 because his "current office address" is not the address he maintains with the California State Bar.  But this is beside the point.  The issue is whether a plaintiff can rely on the address listed with the State Bar without further inquiry for purposes of satisfying Bankruptcy Rule 7004(b)(1).  It cannot because section 6002.1 does not guarantee that the address on file with the State Bar is the attorney-defendant's office (or residence).  Whatever disciplinary consequences Kaylor may face for not maintaining his current office address with the State Bar is a question outside the scope of this Court's jurisdiction.

1    CODE § 1502(b).    Section 1502(b) does not permit a corporation to provide an alternative

2    address for its agent that is neither his home nor his business address.  Section 6002.1 does.

3           In *In re Dixon,* 32 Fed. Appx. 349 (9th Cir. 2002), the Ninth Circuit affirmed a default

4    judgment disbarring an attorney from practice before the district court.  The attorney, who

5    previously had been disbarred by the California State Bar, argued that the judgment should be set

6    aside under Civil Rule 60(b) because she did not receive actual notice.  The court of appeals

7    rejected this argument because the district court had served an order to show cause regarding

8    disbarment at the address on file with the Court and the California State Bar.  The court noted

9    that by order of the California Supreme Court, and pursuant to California Business and

10   Professions Code § 6002.1, the former attorney was obligated to keep her address current with

11   the State Bar.  The court concluded that her failure to do so was "culpable conduct" justifying

12   denial of relief under Civil Rule 60(b).  *Dixon*, however, is not helpful here.  *Dixon* involved

13   service of an order to show cause regarding an attorney disciplinary matter, which is the stated

14   purpose of section 6002.1.  The court in *Dixon* was not required to consider whether the address

15   maintained under section 6002.1 necessarily satisfies the requirements of Bankruptcy Rule

16   7004(a)(1).

17          The Trustee cites *Travelers Cas. and Sur. Co. of America v. Brenneke,* 551 F.3d 1132,

18   1135 for the general proposition that "[s]o long as a party receives sufficient notice of the

19   complaint, Rule 4 is to be liberally construed to uphold service."  But the case is inapposite.

20   First, the Trustee omits an essential qualification to the quoted statement: i.e., that "'neither

21   actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction

22   without substantial compliance with Rule 4.'"  *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th

23   Cir. 1986)).  Second, the Trustee fails to provide any context.  The principal issue presented in

24   *Travelers* was whether service "by placement of the summons and complaint within a defendant's

25   physical proximity" was sufficient to satisfy Civil Rule 4(e).  *Id.* at 1132-1137.  The court

26   concluded that it was sufficient, in part because the evidentiary record demonstrated the defendant

27   had actively evaded personal service.  The issue presented here is different.  The issue here is

whether service by mail of a summons and complaint to an address that is not actually "the place where the individual regularly conducts a business or profession" satisfies Bankruptcy Rule 7004(b).  Fed. R. Bankr. P. 7004(b)(1).

The Trustee also argues that service was adequate, citing (i) Bankruptcy Rule 7004(b)(7) for the proposition that service may be effectuated in accordance with the "law of the state in which service is made," and (ii) a California case, *Hearn v. Howard*, 177 Cal. App. 4th 1193 (Cal. App. 2009), in which the court permitted substituted service at a private mailbox location. The argument, however, does not withstand scrutiny.  Rather than endorsing state law generally, Bankruptcy Rule 7004(b)(7) authorizes service on any "entity upon whom service is prescribed to be served" with respect to certain types of defendants:

> Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if a copy of the summons and complaint is mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such a defendant in the court of general jurisdiction of that state.

Fed. R. Bankr. P. 7004(a)(7).  The statute at issue here, California Business and Professions Code § 6002.1, does not (i) identify any other entity on which a complaint against an attorney-defendant must be served, and (ii) does not pertain to service in any action in a California "court of general jurisdiction."  Section 6002.1 specifies the *address* at which a member of the California State Bar may be served by mail with papers in *disciplinary proceedings*.  Bankruptcy Rule 7004(b)(7) simply does not apply.

It is possible the Trustee intended to cite to Civil Rule 4(e)(1), which provides for service of a summons and complaint on an individual "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made."  Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Bankr. P. 7004(a)(1) (Civil Rule 4(e) applies in bankruptcy proceedings).  Even so, the state law service procedure addressed in *Hearn v. Howard* is not applicable here.

In *Hearn v. Howard,* the California Court of Appeal held that substitute service in an attorney malpractice action was proper under California Code of Civil Procedure § 415.20 at an attorney-defendant's private mailbox address.  Substitute service is a procedure, available after multiple failed attempts at personal delivery, that permits a process server to leave a copy of the summons and complaint with an appropriate individual, at an appropriate location, provided the papers are *also* mailed to that address.  177 Cal. App. 4th at 1201-02.  The court in *Hearn* held that substitute service at a private mailbox location was appropriate because (i) section 415.20 authorizes substitute service at defendant's "usual mailing address," and (ii) the defendant used the private mailbox address on her letterhead and with the California State Bar.

Here, the Trustee has not attempted to effectuate service pursuant to California Code of Civil Procedure § 415.20.  Nothing in the record suggests that the Trustee attempted personal service on Kaylor (let alone multiple times) or physically provided a copy of the papers to an individual satisfying the requirements of the statute before placing them in the mail.  The Trustee instead sought to serve the Summons and Complaint by mail pursuant to Bankruptcy Rule 7004(b)(1).  Unlike section 415.20, moreover, Bankruptcy Rule 7004(b)(1) does not authorize service at a defendant's "usual mailing address."  For these reasons, the holding in *Hearn v. Howard* is neither controlling nor persuasive.

Finally, the Trustee suggests the Court should ignore his lack of compliance with Bankruptcy Rule 7004(b) because the error was harmless.  But the Trustee's argument rests on the unproven assumption that Kaylor actually received the Summons and Complaint mailed on December 15, 2022.  The Court rejects this argument.  Bankruptcy Rule 9005 provides: "When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights." Fed. R. Bankr. P. 9005.  It also provides that Civil Rule 61 applies in cases under the Bankruptcy Code.  In relevant part, Civil Rule 61 provides: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

Although the Trustee *infers* that Kaylor timely received the Summons and Complaint that was mailed to the Private Mailbox Address on December 15, 2022, the Trustee offers no evidence to establish this fact.  "In order to show that the failure to provide proper service by mail was harmless. . . it is insufficient to demonstrate that the creditor was sent notice by some other means by which he might or should have learned of [the contents]."  *In re Cyber Litigation Inc.*, 2021 WL 5047512 at *8.  The best the Trustee is able to muster is evidence suggesting Kaylor was aware of the adversary proceeding by early February of 2023.  At that point in time, however, the deadline to respond to the Complaint had passed and the default had been entered. [9]

Accordingly, the Court concludes that the Trustee's failure to comply with the requirements of Bankruptcy Rule 7004(b)(1) was not harmless and the Court will not disregard the error.

### C. Attorneys' Fees

The Trustee requests, as a condition to setting aside the defaults entered against Jafroodi and Kaylor, the imposition of sanctions equal to the attorneys' fees and costs incurred by the Trustee in obtaining those defaults and seeking a default judgment.  *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988).  Where, as here, the Court is setting aside defaults because the plaintiff did not effectuate proper service of the summons and complaint, it would not be appropriate to penalize the defendants. In particular, the fees and expenses incurred by the Trustee with respect to Jafroodi could have been avoided if the Trustee's counsel had simply served Jafroodi at the New Address. The failure of counsel to do so is not Jafroodi's fault.  Likewise, Kaylor is not at fault for the default entered against him.  Although Kaylor has failed to advise the California State Bar of his actual office address, the Trustee was not justified (for the reasons discussed above) in relying exclusively on the State Bar website to ascertain the location of Kaylor's office.  Had the

---

[9] Again, the Trustee is not entitled to any presumption that Kaylor actually received the Summons and Complaint because the mailing of these documents was not "properly addressed." *See In re Bucknum*, 951 F.2d at 207.

Trustee's counsel performed a simple Internet search or utilized any of the proprietary online tools available to lawyers, and paid some modest additional postage, counsel for the Trustee could have avoided these fees and expenses. Accordingly, the Court declines the Trustee's request for sanctions

### III.

### CONCLUSION

For the reasons stated above, the Court concludes that service of process on the Defendants was inadequate to establish personal jurisdiction over the Defendants.  Any judgment entered by the Court would therefore be void.  This constitutes "good cause" under Civil Rule 55(c) to set aside the defaults entered against each of the Defendants.  The Court will set aside each of those defaults and deny entry of a default judgment.

Date: May 8, 2023

*Martin R. Barash*
_____
Martin R Barash
United States Bankruptcy Judge