# FOR PUBLICATION



FILED & ENTERED

NOV 20 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>MAHMOOD JAFROODI,<br><br>        Debtor. | Case No. 9:19-bk-11918-MB<br><br>Chapter 7<br><br>Adv. No. 9:22-ap-01063-MB |
| JERRY NAMBA, Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>MAHMOOD JAFROODI, and MICHAEL KAYLOR, IN HIS CAPACITY AS TRUSTEE OF THE JAFROODI PRIVATE RETIREMENT TRUST PLAN DATED APRIL 6TH, 2018,<br><br>        Defendants. | (Consolidated with 9:22-ap-01064-MB)<br><br><br>**MEMORANDUM OF DECISION** |
| MAHOOD JAFROODI,<br><br>        Counterclaimant,<br><br>v.<br><br>JERRY NAMBA, Chapter 7 Trustee,<br><br>        Counterdefendant. | |

MAHMOOD JAFROODI,

                Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA, and

FRANCHISE TAX BOARD,

                Third-Party Defendants.

JERRY NAMBA, Chapter 7 Trustee,

                Plaintiff,

v.

VAHID JAFROODI and AZAR

JAFROODI,

                Defendants.

## I.    INTRODUCTION

This adversary proceeding is nearly ready for trial. The parties have completed discovery, litigated a motion for summary judgment, and prepared a detailed pretrial stipulation, identifying all the facts and legal issues to be decided at trial.

The only outstanding pretrial matter is the question of whether defendants Mahmood Jafroodi ("Jafroodi") and Michael Kaylor, in his capacity as trustee of the Jafroodi Private Retirement Trust Plan Dated April 6, 2018 ("Kaylor"), are entitled to a jury trial on the fraudulent transfer claims in the operative complaint (the "Avoidance Actions"). If they are entitled to a jury trial on those claims, this Court may not conduct the trial because the parties have not expressly consented to this Court doing so. *See* 28 U.S.C. § 157(d). In that event, only the District Court may conduct the trial.

The issue is relatively narrow. The plaintiff, chapter 7 trustee Jerry Namba (the "Trustee"), concedes that Jafroodi and Kaylor (i) timely demanded a jury trial in accordance with Federal Rule of Civil Procedure ("Civil Rule") 38(b) and Federal

Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9015 and (ii) generally are entitled to a jury trial on the Avoidance Actions. The Trustee contends, however, that these defendants effectively lost their Seventh Amendment jury trial right on procedural grounds.

First, relying on the Tenth Circuit decision *Stainer v. Latimer (In re Latimer)*, 918 F.2d 136 (10th Cir. 1990), the Trustee contends that Jafroodi and Kaylor waived their right to a jury trial by failing to seek withdrawal of the reference of this proceeding to this Court promptly, if not immediately, upon the filing of their jury trial demand. The Court rejects this argument. Although *Latimer* establishes this rule in the Tenth Circuit, it has never been followed within the Ninth Circuit, is at odds with established Ninth Circuit law, and would improperly impose an additional prerequisite to preserving a jury trial right that does not appear in the plain text of Civil Rule 38(b) or Bankruptcy Rule 9015.

Second, the Trustee contends that there can be no jury trial in this proceeding because the only court authorized to conduct a jury trial, i.e., the District Court, previously declined to withdraw the reference of this proceeding to this Court. Likewise, the Court is not persuaded. The District Court's order denying withdrawal of the reference did so when the case was in an entirely different procedural posture; that is, neither discovery nor the negotiation of a pretrial stipulation were complete. Nothing in the order suggests that the District Court would not conduct a jury trial when the adversary proceeding is ultimately ready for a trial.

Furthermore, nothing in the order suggests the District Court intended to deny Jafroodi and Kaylor their timely-asserted jury trial right on the Avoidance Actions. The order does not address the constitutional nature of jury trial rights, does not address Ninth Circuit law applicable to the waiver of such rights, and does not apply that standard to the circumstances presented. To infer that the District Court intended to deny Jafroodi and Kaylor their Seventh Amendment jury trial right would be, to say

1  the least, presumptuous.  There is simply nothing in the District Court's order to

2  support this conclusion.

3      Accordingly, because pretrial matters in this proceeding are now complete, the

4  Court will separately enter an order transferring this proceeding to the District Court

5  for the purpose of (i) conducting a jury trial on the Avoidance Actions, and

6  (ii) determining how best to adjudicate the remaining claims in the proceeding on

7  which the parties appear to agree that a jury trial right is not applicable.[1]

8          **II.    JURISDICTION AND ADJUDICATIVE AUTHORITY**

9      The District Court has original jurisdiction over this adversary proceeding

10  because the claims asserted herein arise under title 11, arise in a case under title 11, or

11  are related to cases under title 11. *See* 28 U.S.C. § 1334(b).

12      As permitted under 28 U.S.C. § 157(a), the District Court has provided that all

13  proceedings over which it has jurisdiction under section 1334(b) are automatically

14  referred to the bankruptcy judges of this Court.  *See In re Reference of Cases and*

15  *Proceedings to the Bankruptcy Judges of the Central District of California, and*

16  *Reference of Appeals to the Bankruptcy Appellate Panel*, General Order No. 13-05

17  (C.D. Cal. July 1, 2013), at ¶ 1,

18  https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO-13-05.pdf.  The

19  District Court may withdraw a proceeding, in whole or in part, on its own motion or

20  the motion of a party, for cause shown.  28 U.S.C. § 157(d).

21      Additionally, the District Court has authorized this Court, on its own motion, to

22  return a referred matter to the District Court:

23          Transferring Cases Back to District Court.  If the bankruptcy judge to

24          whom a case is assigned determines that a specific case or proceeding

25          should be heard in the district court, that bankruptcy judge may, on the

26

27  ───────────────

28      [1]  As discussed below, these include claims against two other defendants, Vahid Jafroodi and
    Azar Jafroodi, who did not demand a jury trial.

1    judge's own motion, transfer the case or proceeding to the district court.

2    The transfer order shall include a statement of legal authorization as to the

3    basis for the transfer to the district court.

4    *See* General Order No. 13-05 at ¶ 4.

5    Under 28 U.S.C. § 157(e), bankruptcy judges have the adjudicative authority to

6    conduct a jury trial under specified circumstances:

7    If the right to a jury trial applies in a proceeding that may be heard under

8    this section by a bankruptcy judge, the bankruptcy judge may conduct the

9    jury trial if specially designated to exercise such jurisdiction by the district

10    court and with the express consent of all the parties.

11    28 U.S.C. § 157(e). This Court has been specially designated by the District Court to

12    conduct jury trials. *See* General Order No. 13-05 (C.D. Cal. July 1, 2013), at ¶ 3. The

13    parties to this adversary proceeding, however, have not consented to this Court doing

14    so. Therefore, the Court is not authorized to conduct a jury trial in this adversary

15    proceeding.

16    ### III.    BACKGROUND

17    On November 19, 2019, Jafroodi filed a voluntary petition for relief under

18    chapter 7 of the Bankruptcy Code. Shortly thereafter, the Trustee was appointed.

19    **A. The Complaints, Answers, and Jury Trial Demands**

20    On December 13, 2022, the Trustee filed a complaint (the "Original

21    Complaint") against Jafroodi and Kaylor. Adv. Dkt. 1. The gravamen of the Original

22    Complaint is that prior to commencement of the bankruptcy case, these defendants

23    engaged in a series of transactions that improperly removed valuable assets from the

24    reach of Jafroodi's creditors, under the guise of creating a retirement plan. The

25    Trustee contends that the transactions are avoidable and the property recoverable by

26    the bankruptcy estate because the transactions were undertaken with actual fraudulent

27

28

5

intent or, alternatively, constitute a constructive fraud.  The Original Complaint contains seven causes of action.[2]

The Clerk of Court initially entered defaults on the Original Complaint against Jafroodi and Kaylor, and the Trustee requested entry of a default judgment.  Adv. Dkt. 13, 14, 17, 18.  But at the request of Jafroodi and Kaylor, the Court later vacated the defaults and denied the request for a default judgment.  Adv. Dkt. 50, 51, 58.  The Trustee thereafter re-served the Complaint and a summons on Jafroodi and Kaylor, to which they timely responded on May 25, 2023, with a motion to dismiss (the "First Motion to Dismiss").  Adv. Dkt. 57, 63.

On August 4, 2023, the Trustee filed his first amended complaint, which is the operative complaint in this adversary proceeding (the "Amended Complaint").  Adv. Dkt. 70.  In addition to expanding the description of the relief sought in the Original Complaint, the Amended Complaint added claims seeking: (i) avoidance and recovery of property transferred *postpetition*, which transactions allegedly furthered the defendants' fraudulent scheme; (ii) contempt sanctions for violation of the automatic stay under Bankruptcy Code section 362; and (iii) a determination that certain property claimed as exempt from the bankruptcy estate by Jafroodi is not actually exempt.  Although the Trustee previously had sought much of this additional relief by motion practice in the bankruptcy case, the Court ordered the Trustee to consolidate these requests for relief into the adversary proceeding.

---

[2]  These causes of action are: (1) Avoidance, Preservation and Recovery of Actual Fraudulent Transfer under Bankruptcy Code sections 544, 550 and 551; (2) Avoidance, Preservation and Recovery of Actual Fraudulent Transfer under Bankruptcy Code sections 548(a)(1)(A), 550 and 551; (3) Avoidance, Preservation and Recovery of Constructive Fraudulent Transfer under Bankruptcy Code sections 548(a)(1)(B), 550 and 551; (4) Avoidance, Preservation and Recovery of Actual Fraudulent Transfer under Bankruptcy Code sections 544, 550 and 551, Cal. Civ. Code sections 3439.04 and 3439.07; (5) Avoidance, Preservation and Recovery of Constructive Fraudulent Transfer under Bankruptcy Code sections 544, 550 and 551, Cal. Civ. Code sections 3439.05 and 3439.07; (6) Avoidance, Preservation, and Recovery of Transfer to a Self-Settled Trust under Bankruptcy Code sections 548(e), 550, 551; and (7) Declaratory Relief and Turnover of Estate Property under Bankruptcy Code sections 542, 550, and 551.

The Amended Complaint contains seventeen causes of action:

(1) Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer [11 U.S.C. § 544, 550, and 551];

(2) Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer (Avoidable Deed of Trust) [11 U.S.C. §§ 548(a)(1)(A), 550, and 551];

(3) Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer (Avoidable Deed of Trust) [11 U.S.C. §§ 548(a)(1)(B), 550, and 551];

(4) Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer (Avoidable Deed of Trust) [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.07];

(5) Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer (Avoidable Deed of Trust) [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.05 and 3439.07];

(6) Avoidance, Preservation, and Recovery of Transfer to a Self-Settled Trust (Avoidable Deed of Trust) [11 U.S.C. §§ 548(e), 550, and 551];

(7) Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer (PRP Assignments) [11 U.S.C. §§ 548(a)(1)(A), 550, and 551];

(8) Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer (PRP Assignments) [11 U.S.C. §§ 548(a)(1)(B), 550, and 551];

(9) Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer (PRP Assignments) [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.04, 3439.07];

(10) Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer (PRP Assignments) [11 U.S.C. §§ 544, 550, and 551; Cal. Civ. Code §§ 3439.05 and 3439.07];

(11) Avoidance, Preservation, and Recovery of Transfer to a Self-Settled Trust (PRP Assignments) [11 U.S.C. §§ 548(e), 550, and 551];

(12) Declaratory Relief and Turnover of Estate Property (PRP) [11 U.S.C. §§ 541 and 542];

(13) Declaratory Relief and Turnover of Estate Property (Nipomo Sale Proceeds) [11 U.S.C. §§ 541 and 542];

(14) Automatic Stay Violation for Exercise of Control over Property of the Estate (Nipomo Sale) [11 U.S.C. § 362];

(15) Declaratory Relief (PRP Exemption) [11 U.S.C. §§ 522, 541, and 542; Cal. Civ. Proc. Code § 704.115];

(16) Declaratory Relief (IRA Exemption) [11 U.S.C. §§ 522, 541, and 542; Cal. Civ. Proc. Code § 704.115 ];

(17) Declaratory Relief (Homestead Exemption) [11 U.S.C. §§ 522(g)(1); Cal. Civ. Proc. Code § 704.730].

Adv. Dkt. 70.

The filing of the Amended Complaint rendered the First Motion to Dismiss moot, and Jafroodi and Kaylor thereafter filed a second motion to dismiss (the "Second Motion to Dismiss"). Adv. Dkt. 71. The Second Motion to Dismiss sought dismissal of the First through Sixth, Eighth, Tenth, Eleventh, Fourteenth and Seventeenth claims in the Amended Complaint. On January 18, 2024, following a hearing, the Court entered an order denying the Second Motion to Dismiss. Adv. Dkt. 92.

On January 31, 2024, Jafroodi and Kaylor filed their respective answers to the Amended Complaint. Adv. Dkt. 95, 96. The title on the caption page of each answer conspicuously states, "DEMAND FOR JURY TRIAL," and each answer includes a paragraph expressly demanding a jury trial on the Amended Complaint:

**DEMAND FOR JURY TRIAL**

Defendant Mahmood Jafroodi hereby demands a trial by jury on all claims and issues that may be tried by a jury in the above-captioned action.

1 | Adv. Dkt. 95 at 35.[3]

2 | **DEMAND FOR JURY TRIAL**

3 | Defendant Michael L. Kaylor, Trustee of The Jafroodi Private Retirement

4 | Trust Plan Dated April 6th, 2018, hereby demands a trial by jury on all

5 | claims and issues that may be tried by a jury in the above-captioned action.

6 | Adv. Dkt. 96 at 35.

7 | On January 31, 2024, Jafroodi also filed: (i) a counterclaim for a declaratory

8 | judgment against the Trustee (the "Counterclaim"), Adv. Dkt. 97; and (ii) a third-

9 | party complaint for a declaratory judgment against the United States of America (on

10 | behalf of the Internal Revenue Service) (the "IRS") and the California Franchise Tax

11 | Board (the "FTB") (the "Third-Party Complaint"). By stipulation of the parties,

12 | however, the Counterclaim and Third-Party Complaint are stayed pending further

13 | agreement of the parties or an order of the Court. Adv. Dkt. 109, 113, 138, 141.

14 | **B. Discovery and Joint Pretrial Stipulation**

15 | On December 18, 2023, during an adversary proceeding status conference, the

16 | Court set September 3, 2024, as the initial cutoff for non-expert discovery in

17 | connection with the Amended Complaint. Adv. Dkt. 90, 91.

18 | On May 1, 2024, the parties filed a stipulation on the Amended Complaint

19 | staying the adversary proceeding until June 30, 2024, and staying all discovery

20 | deadlines, which the Court approved. Adv. Dkt. 111, 114.

21 | On September 6, 2024, the Court entered an order on the Amended Complaint

22 | fixing, among other litigation deadlines, the non-expert discovery cutoff as December

23 | 1, 2024, and the deadline for case dispositive pretrial motions as December 16, 2024.

24 | Adv. Dkt. 119. The order also required the parties to file their joint pretrial stipulation

25 | no later than April 9, 2025.

26 |

27 | _____

28 | [3] Unless otherwise stated, all page references are to the page numbers assigned by the electronic case filing system, rather than any internal page numbering.

On November 8, 2024, the parties filed a stipulation extending the non-expert discovery cutoff to December 16, 2024, which the Court approved.  Adv. Dkt. 123, 126.

On February 13, 2025, in connection with the consolidation of the adversary proceeding with a related adversary proceeding (discussed below), and at the request of the parties, the Court further extended the non-expert discovery cutoff to February 28, 2025, and extended the deadline to file a joint pretrial stipulation to May 14, 2025. Adv. Dkt. 142.

On April 11, 2025, the Court entered a scheduling order further extending the deadline to file the joint pretrial stipulation to June 12, 2025.  Adv. Dkt. 159.  The parties thereafter stipulated to further extend that deadline by seven days.  Adv. Dkt. 167.

The parties ultimately filed their joint pretrial stipulation on June 19, 2025. Adv. Dkt. 168.  Among other things, the parties affirmed in the pretrial stipulation that all discovery was complete.  *Id*. at 87.

**C. Motion to Withdraw the Reference**

On September 18, 2024, Jafroodi and Kaylor filed in the District Court their motion requesting that the District Court withdraw the reference of the adversary proceeding to the Bankruptcy Court ("Motion to Withdraw").  District Court Case No. 2:24-cv-07969 ("DCC"), Dkt. 1.

Jafroodi and Kaylor asserted that withdrawal of the reference was appropriate because (i) they are entitled a jury trial on the first through twelfth claims for relief in the Amended Complaint and had not consented to permit the Bankruptcy Court to conduct the trial, (ii) equitable claims should be tried before the same court that tries the legal claims before a jury, and (iii) to the extent some claims are not entitled to a jury trial, the Bankruptcy Court would not be able to enter final judgment on those claims.  For these reasons, Jafroodi and Kaylor argued that withdrawal of the reference was mandatory and ought to be immediate.  They also argued that the

10

1  District Court should exercise its powers to withdraw the reference as a matter of

2  discretion.

3      On September 23, 2024, the District Court ordered the motion stricken based on

4  the failure of Jafroodi and Kaylor to comply with Local Rule 5-4, but granted leave to

5  re-file the motion following an in-person conference pursuant to Local Rule 7-3 and

6  compliance with other applicable procedures.  DCC Dkt. 13.  On October 17, 2024,

7  Jafroodi and Kaylor renewed their Motion to Withdraw.  DCC Dkt. 21.

8      The Trustee thereafter filed an opposition to the Motion to Withdraw, making

9  three principal arguments.  DCC Dkt. 30.  The Trustee argued the motion should be

10 denied because: (i) the motion was untimely; (ii) immediate withdrawal was not

11 required under Ninth Circuit law, even if Jafroodi and Kaylor were entitled to a jury

12 trial; and (iii) discretionary withdrawal was not appropriate considering reasons of

13 judicial economy, the pendency of discovery and the pretrial stipulation process, and

14 the prospect of forum shopping by Jafroodi and Kaylor.[4]

15     On November 15, 2024, the District Court entered its order denying the Motion

16 to Withdraw.  DCC Dkt. 39.  The District Court denied the motion for multiple

17 reasons.

18     First, the District Court held that the motion—which was premised principally

19 on the existence of a right to a jury trial—was untimely.  *Id.* at 8-12.  The District

20 Court observed that Jafroodi and Kaylor were aware of the nature of the claims for

21 relief as early as December 13, 2022, when the Original Complaint was filed, and no

22 later than August 4, 2023, when the Amended Complaint was filed.  The District

23 Court noted that Jafroodi and Kaylor also asserted their entitlement to a jury trial in

24 both a status report filed on November 15, 2023, and in their answers to the Amended

25

26     [4] The United States also opposed the Motion to Withdraw the Reference for a variety of
27 reasons, including the fact that the Third-Party Complaint against the IRS had been stayed.  DCC
   Dkt. 29.

28

Complaint filed on January 31, 2024.  Given that they did not initially file their Motion to Withdraw until September 18, 2024, the District Court held that their delay was "simply unjustified." *Id.* at 12.

Second, the District Court held that the extent of the proceedings that already had transpired in the adversary proceeding supported its finding of untimeliness. *Id.* at 12-13.  The District Court observed that the contested matters, which had been initiated by motion and thereafter incorporated into the Amended Complaint, had been pending since early in November of 2022.  The District Court also noted that some of those disputes pertained to Jafroodi's alleged noncompliance with orders dating as far back as March of 2020.  Further, the District Court found that in light of the extent of those proceedings, including the Court's denial of the Second Motion to Dismiss, the timing of the Motion to Withdraw raised substantial concerns about forum shopping. *Id.*

Third, the District Court held that technical compliance with Local Bankruptcy Rule ("LBR") 9015-2 did not render the Motion to Withdraw timely.  *Id.* at 13.  This local rule provides that any motion to withdraw the reference must be filed no later than seven days after the Court's entry of a pretrial order.  LBR 9015-2.  Jafroodi and Kaylor had argued that their compliance with this rule rendered their motion timely. The District Court disagreed, concluding that the local rule did not supplant 28 U.S.C. § 157(d) and the Ninth Circuit case law construing the timeliness requirement under that statute.  DCC Dkt. 39 at 13.

Fourth, the District Court held that immediate withdrawal of the reference was not mandatory.  DCC Dkt. 39 at 14.  Citing *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775 (9th Cir. 2007), the District Court observed that (i) entitlement to a jury trial did not require this Court to instantly give up jurisdiction, (ii) this Court ordinarily would retain jurisdiction over pretrial matters, (iii) this Court was authorized to rule on dispositive motions, and (iv) Jafroodi and Kaylor had impliedly consented to the Court's authority to enter final orders in this

proceeding.  *Id.* (citing *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*, 702 F.3d 553, 569 (9th Cir. 2012), *aff'd*, 573 U.S. 25 (2014)).[5]  Thus, the District Court explained that the "issue of Defendants' right to a jury trial was immaterial" and rejected the contention that withdrawal of the reference was mandatory.  DCC Dkt. 39 at 14:9, 14:23-24.

Fifth, the District Court declined to grant withdrawal as a matter of discretion. *Id.* at 14-15.  In determining whether cause exists for permissive withdrawal, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  The District Court found that all these factors favored denial.  As to cost and delay, the District Court noted the pending pretrial deadlines set by this Court and the disruption that would result from withdrawal.

The District Court concluded: "Defendants have failed to meet their burden to demonstrate that immediate withdrawal of the reference is necessary or appropriate. In addition, Defendants have failed to demonstrate good cause for permissive withdrawal.  For all of the foregoing reasons, Defendant's [sic] Motion is **DENIED** in its entirety."  DCC Dkt. 39 at 16.

On December 6, 2024, Jafroodi and Kaylor filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals, seeking an order directing the District Court to withdraw the reference of this adversary proceeding.  Ninth Circuit

---

[5] As the Ninth Circuit Court of Appeals explained in *Bellingham Insurance Agency*, "the text of 157(c) only requires consent simpliciter" such that parties can impliedly consent to the entry of final orders by the bankruptcy court by filing a proof of claim or other conduct. 702 F.3d at 569.  By contrast, the text of section 157(e) requires the "express consent of all the parties" for the bankruptcy court to conduct a jury trial. *Id*. Here, there is no express consent by Jafroodi and Kaylor to the Court presiding over a jury trial.

Case No. 24-709, Dkt. 1.  On February 26, 2025, the Ninth Circuit Court of Appeals summarily denied the petition, stating that "Petitioners have not demonstrated a clear and indisputable right to the extraordinary remedy of mandamus."  Ninth Circuit Case No. 24-709, Dkt. 4.

### D. Consolidation with Related Adversary Proceeding

On December 13, 2022, the Trustee filed a complaint against Vahid Jafroodi and Azar Jafroodi for avoidance and recovery of certain unauthorized postpetition transfers of property and related relief, which the Trustee alleges were made in furtherance of the fraudulent scheme alleged against Jafroodi and Kaylor.  Adv. No. 9:22-ap-01064 (the "Related Adversary"), Dkt. 1.  Vahid Jafroodi and Azar Jafroodi are Jafroodi's son and spouse, respectively.  Defendants Vahid Jafroodi and Azar Jafroodi answered the complaint, but did not demand a jury trial.  Related Adversary, Dkt. 49, 50, 52, 53.

Until early 2025, the Related Adversary proceeded independently, including with its own scheduling orders.   Related Adversary, Dkt. 81, 89, 102.  Following a joint status conference, and with the consent of the Trustee, Jafroodi, Vahid Jafroodi and Azar Jafroodi, the Related Adversary was consolidated and merged with the above-referenced adversary proceeding under Adv. No. 9:22-ap-01063.  Adv. Dkt. 142.  As set forth in the parties' agreed order, pretrial deadlines were revised and consolidated into a single schedule.  *Id.*  The adversary proceedings were deemed merged into a single proceeding and "all parties in each of the Adversary Proceedings shall be entitled to be heard on any matter in either adversary proceeding without the necessity of an order authorizing their joinder or intervention."  *Id.*  "The claims for relief in each proceeding, however, remain only against the parties named in each of the operative complaints."  *Id.*

### E. Motion for Summary Judgment

Prior to consolidation of the adversary proceedings, Jafroodi sought to intervene in the Related Adversary.  While that request was pending, the Trustee timely filed a

14

motion seeking summary judgment on his first claim for relief in the Related

Adversary (the "Summary Judgment Motion").  Related Adversary, Dkt. 106.

Following consolidation, the request to intervene was rendered moot.  The Summary

Judgment Motion was heard in the consolidated proceeding and both Jafroodi and

Kaylor participated directly in its consideration (i.e., opposing the motion). *See* Adv.

Dkt. 147, 148, 149, 157. After multiple rounds of briefing and hearings, the Summary

Judgment Motion was denied.  Adv. Dkt. 175.

### F.  Proceedings Addressing Jury Trial Right

Prior to the filing of the Motion to Withdraw, Defendants filed their original

memorandum of points and authorities addressing the jury trial issue, and the Trustee

responded.  Adv. Dkt. 116, 117.  Following denial of the Motion to Withdraw by the

District Court, and denial of the petition for writ of mandamus by the Ninth Circuit

Court of Appeals, the parties filed supplemental briefing.  Adv. Dkt. 163, 165.  After

considering the oral arguments of counsel at multiple status conferences thereafter,

this matter is ripe for decision.

## IV.    LEGAL ANALYSIS

### A. The Right to A Jury Trial and Waiver.

The Seventh Amendment guarantees the right to a jury trial "[i]n Suits at

common law, where the value in controversy shall exceed twenty dollars." *Consumer

Fin. Prot. Bureau v. CashCall, Inc.*, 135 F.4th 683, 689 (9th Cir. 2025) (quoting U.S.

Const. amend. VII).  The Supreme Court has construed this right to extend to actions

in which the plaintiff seeks the recognition of legal rights and remedies, rather than

equitable ones. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

Interpreting its case law on the issue, the Supreme Court held in *Granfinanciera*

that a defendant in a fraudulent conveyance action has a right to a jury trial if that

defendant has not filed a proof of claim in the bankruptcy case.  *Id.* at 40-65.  If,

however, a defendant files a proof of claim, it effectively submits itself to the

1  equitable jurisdiction of the bankruptcy court and loses its jury trial right. *Id*. at 57

2  (citing *Katchen v. Landy*, 382 U.S. 323, 336 (1966)).

3      The first twelve causes of action in this adversary proceeding (i.e., the

4  Avoidance Actions) assert fraudulent transfer actions against both Jafroodi and Kaylor

5  and seek related declaratory relief.  Kaylor, who has not filed a proof of claim in the

6  bankruptcy case, clearly falls within the ambit of *Granfinanciera*.  Jafroodi may not.

7  Although Jafroodi did not file a proof of claim against his bankruptcy estate, he did

8  file a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Some

9  courts have held that when a debtor files a voluntary petition for relief, the debtor

10 submits to the equitable jurisdiction of the bankruptcy court and waives his jury trial

11 rights.  *See, e.g., In re Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991); *In re Romar*

12 *Int'l Georgia, Inc.*, 198 B.R. 407, 412 (Bankr. M.D. Ga. 1996); *In re Lion Country*

13 *Safari, Inc. California*, 124 B.R. 566, 571-73 (Bankr. C.D. Cal. 1991).

14     The Court need not consider this issue, however, because the Trustee has

15 waived it.  The Trustee concedes that *both* Jafroodi and Kaylor would be entitled to a

16 jury trial on the Avoidance Actions had they not lost that right as a procedural matter.

17 Adv. Dkt. 117 at 11:7-10.  The question, then, is whether the Trustee's arguments of

18 procedural waiver withstand scrutiny.

19     "The right to trial by jury is 'of such importance and occupies so firm a place in

20 our history and jurisprudence that any seeming curtailment of the right' has always

21 been and 'should be scrutinized with the utmost care.'" *Sec. & Exch. Comm'n v.*

22 *Jarkesy*, 603 U.S. 109, 121 (2024) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486

23 (1935)); *see also* Fed. R. Civ. P. 38(a) ("[t]he right of trial by jury as declared by the

24 Seventh Amendment to the Constitution—or as provided by a federal statute—is

25 preserved to the parties inviolate.")

26     Pursuant to Civil Rule 38(b), "[o]n any issue triable of right by a jury, a party

27 may demand a jury trial by: (1) serving the other parties with a written demand—

28 which may be included in a pleading—no later than 14 days after the last pleading

1    directed to the issue is served," and (2) filing that written demand with the court.  Fed.

2    R. Civ. P. 38(b); *see also* Fed. R. Bankr. P. 9015 (applying Civil Rule 38 in bankruptcy

3    cases and proceedings).

4    　　　"Like other constitutional rights, the Seventh Amendment right can be waived."

5    *CashCall*, 135 F.4th at 689 (citing *United States v. Moore*, 340 U.S. 616, 621 (1951)).

6    "A party waives a jury trial right unless its demand is properly served and filed" in

7    accordance with Civil Rule 38(b).  Fed. R. Civ. P. 38(d).  "A proper demand may be

8    withdrawn only if the parties consent."  *Id.*

9    　　　A party may also waive its jury trial right by other means, provided the waiver

10   is made "'knowingly and voluntarily based on the facts of the case.'" *Palmer v.*

11   *Valdez*, 560 F.3d 965, 968 (9th Cir. 2009) (quoting *Tracinda Corp. v. DaimlerChrysler*

12   *AG*, 502 F.3d 212, 222 (3d Cir. 2007)).  Thus, for instance, a party may waive its right

13   to a jury trial by its "knowing participation in a bench trial without objection."  *Id*. at

14   568 (quoting *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc)).

15   　　　"'Because the right to a jury trial is a fundamental right guaranteed to our

16   citizenry by the Constitution,' however, 'courts should indulge every reasonable

17   presumption against waiver.'" *Solis v. County of Los Angeles*, 514 F.3d 946, 953 (9th

18   Cir. 2008) (quoting *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981)).

19   　　　The Trustee acknowledges that Jafroodi and Kaylor timely demanded a jury

20   trial and complied with the filing and service requirements of Civil Rule 38(b).  The

21   Trustee contends, however, that Jafroodi and Kaylor effectively waived their right to a

22   jury trial for two reasons.

23   　　　First, the Trustee contends that Jafroodi and Kaylor were required but failed to

24   seek withdrawal of the reference to this Court immediately upon the filing of their jury

25   trial demand.  The Trustee argues that this was necessary to preserve their jury trial

26   right because, absent the consent of the parties, only the District Court may conduct a

27   jury trial.  Second, the Trustee contends that there can be no jury trial in this

28

1 proceeding because the only court authorized to conduct a jury trial denied Jafroodi
2 and Kaylor's Motion to Withdraw as untimely.

3       The Court addresses each of these arguments below.

4    **B. A Party Asserting a Seventh Amendment Jury Trial Right Need Not**
5        **Seek and Obtain Withdrawal of the Reference Prior to the Parties'**
6        **Readiness for Trial.**

7       The Trustee contends that to preserve their right to a jury trial on the Avoidance
8 Actions, Jafroodi and Kaylor were required to promptly, if not immediately, move for
9 and obtain withdrawal of the reference after making their written demand under Civil
10 Rule 38(b).  For this proposition, the Trustee relies on the Tenth Circuit Court of
11 Appeals' decision in *Latimer* and several bankruptcy decisions within the Tenth
12 Circuit that have dutifully followed that precedent.  *See* Adv. Dkt. 117 at 11; *In re*
13 *Hassan*, 375 B.R. 637, 645 (Bankr. D. Kan. 2006); *Soulé v. Guertin (In re Guertin)*,
14 2024 Bankr. LEXIS 1610, at *7 (Bankr. N.D. Okla. 2024).

15      In *Latimer*, defendants in an adversary proceeding to avoid certain conveyances
16 of real property made an oral motion at the pretrial conference that the matter be tried
17 before a jury.  918 F.2d at 137.  The bankruptcy court denied the request and
18 proceeded to find against the defendants following a bench trial.  *Id.*  On appeal, the
19 defendants argued they were improperly denied their Seventh Amendment right to a
20 jury trial.  The Tenth Circuit Court of Appeals disagreed.  *Id.*  First, the court held that
21 a jury trial demand must be made in writing and in accordance with Civil Rule 38(b).
22 *Id.*

23      Second, the court in *Latimer* held that even if the defendants had made a proper
24 request, they waived their right to a jury trial because they did not also request transfer
25 of the matter to the district court.  *Id.*  The court reasoned that this was necessary
26 because the bankruptcy court was not authorized to conduct a jury trial.  *Id.*  The court
27 held "that to avoid waiver, parties seeking a jury trial must combine their request for a
28 jury trial with a request to transfer to the district court."  *Id.*

This Court respectfully declines to follow *Latimer*. As a threshold matter, the holding in *Latimer* imposes on parties an additional impediment to securing their Seventh Amendment jury trial rights that is not set forth in the text of either Civil Rule 38(b) or Bankruptcy Rule 9015.

Imposing a procedural requirement that the Supreme Court did not see fit to include in these rules is not in keeping with the command that any "'seeming curtailment of the [jury trial] right … should be scrutinized with the utmost care.'" *Jarkesy*, 603 U.S. at 121 (*quoting Dimick*, 293 U.S. at 486). By imposing a procedural requirement that does not appear in the rules themselves, the holding in *Latimer* creates a "tricky procedural trap"— as one Tenth Circuit bankruptcy judge has noted. *See Hassan*, 375 B.R. at 647 (suggesting the district court should use its discretionary powers under Civil Rule 39 to overlook the parties' failure to comply with *Latimer*).[6] The Court's research suggests that *Latimer* has never been followed by courts within the Ninth Circuit.

Indeed, *Latimer* is at odds with binding Ninth Circuit authority. The Ninth Circuit Court of Appeals held in *Healthcentral.com* that the assertion of a jury trial right does not require a district court to immediately take control of a bankruptcy proceeding; the bankruptcy court is authorized to handle all pretrial matters, even when it is not authorized to conduct the jury trial. 504 F.3d 775.

In *Healthcentral.com*, a defendant in a preference action made a timely written jury trial demand, indicated that it did not consent to the bankruptcy court conducting

---

[6] The bankruptcy judge in *Hassan* also noted a subsequent statutory development that casts further doubt on the wisdom of *Latimer*. 375 B.R. at 649. At the time *Latimer* was decided, there was no statute authorizing a bankruptcy court to conduct a jury trial with the consent of all parties. Since then, Congress enacted 28 U.S.C. §157(e), which permits a bankruptcy court to conduct a jury trial with the consent of all parties. Requiring an immediate motion to withdraw the reference to preserve a jury trial right makes no sense in a world where the bankruptcy court may be authorized to conduct that trial.

the jury trial, and demanded the bankruptcy court immediately transfer the action to the district court. *Id.* at 780-81. The bankruptcy court granted but stayed the transfer request, during which time the bankruptcy court considered plaintiff's summary judgment motion and granted summary judgment. *Id.* at 781. On appeal, the defendant argued that the bankruptcy court erred by failing to immediately transfer the action to the district court. The Ninth Circuit Court of Appeals disagreed.

The court held that although the Supreme Court's decision in *Granfinanciera* provided the defendant creditors with a Seventh Amendment jury trial right, it did not hold that "the bankruptcy court must instantly give up jurisdiction and the case must be transferred to an Article III court." *Id.* at 786. The court observed that "allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment *right to a jury trial*." *Id.* at 787.

Further, the court reasoned that "requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system." *Id.* As the court explained, the "system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 787-88.

The court concluded, therefore:

> [The existence of a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters.

*Id.* at 788.

The procedural circumstances of *Healthcentral.com* and *Latimer* differ, but the substantive conflict between these case authorities is inescapable. If, under Ninth Circuit law, a bankruptcy court need not relinquish—prior to trial—an action in which a jury trial right in the district court has timely and properly been asserted, it makes no

1  sense to require a party to seek immediate transfer to the district court as a prerequisite
2  to preserving that right.

3      Accordingly, the Court rejects the Trustee's argument that Jafroodi and Kaylor
4  were required to seek withdrawal of the reference promptly, if not immediately, upon
5  filing their jury trial demands.  Failure to do so did not constitute a waiver of their
6  Seventh Amendment jury trial rights.

7      **C. The District Court's Denial of Jafroodi and Kaylor's Motion to**
8      **Withdraw the Reference Did Not Extinguish Their Jury Trial Rights.**

9      The Trustee argues that the District Court's denial of the Motion to Withdraw
10 effectively extinguished Jafroodi and Kaylor's right to a jury trial on the Avoidance
11 Actions.  Adv. Dkt. 165 at 10-14.  Although the Trustee appears to acknowledge that
12 the District Court decision did not address waiver, *id.* at 12:16-21, he nevertheless
13 contends that the *practical effect* of that denial is a waiver of those rights.  Adv. Dkt.
14 165 at 14:8-12.  In other words, the Trustee argues that there can be no jury trial on the
15 Avoidance Actions because the only court authorized to do so declined to withdraw
16 the reference.

17     The Court disagrees.  The Trustee's argument is premised on the notion that the
18 District Court's denial of the Motion to Withdraw constitutes a denial *once and for all*
19 *time*.  Nothing in the District Court's order or the circumstances presented supports
20 this interpretation.  At the time Jafroodi and Kaylor sought withdrawal of the
21 reference, the proceedings were very advanced, but the pretrial process was not
22 complete.  Discovery was still underway, and the pretrial stipulation (a detailed and
23 heavily negotiated document) was not yet due.

24     That the District Court thought it imprudent to withdraw the reference *at that*
25 *time* does not mean it was declining to withdraw the reference when the proceeding
26 was ready for trial.  Indeed, in denying withdrawal, the District Court's opinion
27 specifically cited *Healthcentral.com* for the proposition that a bankruptcy court may
28 retain jurisdiction over pretrial matters and noted the pendency of discovery and other

pretrial matters being handled by this Court.  DCC Dkt. 39 at 14-15.  Nothing in the order suggests that the District Court ruled that it would not, in the future, conduct the jury trial that only the District Court is authorized to conduct.

Furthermore, nothing in the order suggests the District Court intended to deny Jafroodi and Kaylor their timely-asserted jury trial right on the Avoidance Actions. The order does not address the constitutional nature of the jury trial rights, does not address the Ninth Circuit law applicable to the waiver of such rights, and does not apply that standard to the circumstances presented.  The order expressly states that Jafroodi's and Kaylor's "right to a jury trial is immaterial" to their motion to withdraw the reference.  *Id.* at 14. There is simply nothing in the District Court's order to support Jafroodi and Kaylor's interpretation.

To infer from that order that the District Court intended to deny Jafroodi and Kaylor their Seventh Amendment jury trial rights would further offend the principle that any "'seeming curtailment of the [jury trial] right … should be scrutinized with the utmost care.'" *Jarkesy*, 603 U.S. at 121 (*quoting Dimick*, 293 U.S. at 486).  This Court is unwilling to conclude that the District Court intended to extinguish Jafroodi and Kaylor's constitutional rights without expressly stating that intention.

Furthermore, there is nothing in the record to indicate that Jafroodi and Kaylor waived their jury trial right "'knowingly and voluntarily based on the facts of the case.'" *Palmer*, 560 F.3d at 968 (quoting *Tracinda*, 502 F.3d at 222).  The only fact the Trustee relies on is that Jafroodi and Kaylor did not seek withdrawal of the reference promptly, if not immediately, upon asserting their jury trial rights.  As noted, this is not required under Ninth Circuit law.  The Court cannot conclude, therefore, that their failure to do so constitutes a knowing and voluntary waiver.  Doing so would be fundamentally unfair and violate their constitutional rights.

## V.    CONCLUSION

For all the reasons set forth above, the Court will separately enter an order transferring this proceeding to the District Court for the purpose of (i) conducting a jury trial on the Avoidance Actions, and (ii) determining how to appropriately and efficiently adjudicate the other claims on which Jafroodi, Kaylor, Vahid Jafroodi and Azar Jafroodi appear to agree that a jury trial right is not applicable.

Date: November 20, 2025

Martin R Barash
United States Bankruptcy Judge